Yu Shu FENG, Petitioner,

v.

**THE BOARD OF IMMIGRATION APPEALS Respondent.**

No. 03–41073AG.

United States Court of Appeals, Second Circuit.

Jan. 31, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Gregory A. White, United States Attorney for the Northern District of Ohio, Steven J. Paffilas, Assistant United States Attorney, Cleveland, Ohio, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

Yu Shu Feng, through counsel, petitions for review of the BIA decision affirming the immigration judge's ("IJ") decision denying his applications for asylum and withholding of removal. Feng alleges that his wife was forcibly aborted and then forcibly sterilized by Chinese authorities, and that he fears returning to China as a result. The IJ found Feng not to be credible. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79; *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

In the present case, the BIA's decision rests on its finding that Feng was not credible as to a central element of his claim—namely, that he is married to the woman he claims is his wife. That finding is, in turn, based on two reasons, both of which are supported by substantial evidence in the record.

■ The BIA's first reason for its adverse credibility finding is based on the discrepancies between Feng's testimony and his supporting documentation concerning the date of his alleged marriage. In her decision, the IJ found Feng's testimony that he married his alleged wife on January 10, 1989, in a traditional wedding, and then registered the marriage on January 10, 1990, was inconsistent with the entry in his wife's household register, which lists the date of her marriage as August 11, 1998.

The IJ's characterization of the record is accurate. In his testimony, Feng stated that he was married in a traditional ceremony on January 10, 1989, and that the marriage was registered on January 10, 1990. The marriage certificate submitted by Feng also lists the marriage date as January 10, 1990. However, in response to the question, "When and From Where Moved into This Address[?]," the household register of Feng's alleged wife states, "Married on 08/11/1998 moved (within the city) to Xia Alley, Gaoou Village." The IJ could reasonably discount Feng's explanation that August 11, 1998, was the date that Feng's wife moved, but that this date was erroneously put down as the marriage date. The fact that the question that elicited the August 11, 1998 date did not ask why Feng's wife moved to the new address, lends support to the IJ's finding that Feng's wife gave that date as the date of her marriage.

In his appeal to the BIA, Feng argued that since the household register was issued on August 12, 1998, it was obvious that August 11, 1998 "was the date when the appellant's wife moved in to the registered address, not the marriage date ... she moved there for the reason of marriage." However, nothing in Feng's appeal compels the Court to overturn the IJ and BIA's finding that Feng was not credible here. *See Zhou*, 386 F.3d at 73. While the date on the household register may well have been the date Feng's alleged wife moved, it equally could have been the date of her marriage alone, or the date of both her marriage and her move. Nothing in the record compels the Court to find that the date refers only to the date of her move, especially given that the question did not ask why the move took place, and that the answer discusses her marriage.

As a second reason for finding Feng not credible, the IJ pointed to the household registry that showed Feng's alleged wife as "House Head," but did not list Feng as her husband or as a member of the household. The IJ also pointed out that Feng did not provide the Court with any household registry for himself.

The IJ's characterization of the record is accurate and is an appropriate ground for finding Feng not credible concerning whether he is married to his alleged wife. Moreover, the IJ could reasonably find Feng's explanation insufficient that the reason his alleged wife was listed as the head of the household and he was not listed at all in the household registry, was because hers was an agricultural registry and his was not, and the children must follow the mother's household. Specifically, Feng never answered the question why he was not included in the registry, either as head of the household or as a household member, except to state that the registries are "different." Given that Feng claimed to have lived at the 149 Daxi Village address most of his life, including during the time his wife registered the household at that address, the IJ could reasonably expect an answer to the question why he was not included in the registry.

The agency's adverse credibility finding is based on specific and cogent reasons that bear a legitimate nexus to the finding. See Secaida–Rosales, 331 F.3d at 307. The determination that Feng did not sustain his burden of proving his marriage to his alleged wife, goes to the heart of his claim and is a reasonable and a proper basis on which to find Feng not credible. Because the agency found Feng incredible, he is not able to demonstrate a well-founded fear of persecution.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).